# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SANSONE GROUP DDR LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-1432-JAR |
| WILMA M. PENNINGTON-THURMAN, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before this Court is the motion of plaintiff Sansone Group DDR LLC ("Sansone") to remand this action to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division, pursuant to 28 U.S.C. § 1447. (Docket No. 6). For the reasons discussed below, the motion will be granted, and this case will be remanded.

### Background

On May 7, 2019, Sansone filed a petition in the 22nd Judicial Circuit Court of the City of St. Louis, Associate Circuit Division, alleging that defendant Wilma M. Pennington-Thurman ("Pennington-Thurman") breached a written residential lease. *See Sansone Group LLC v. Pennington-Thurman,* No. 1922-AC05827 (22nd Jud. Cir. 2019). Sansone sought judgment under Missouri state law for $1,800 in unpaid rent, along with possession of the premises.

On May 28, 2019, Pennington-Thurman filed a Notice of Removal in this Court, stating "[t]his is a counterclaim filed by Defendant Wilma Pennington-Thurman and those similarly situated." (Docket No. 1). She stated she was a senior citizen living in subsidized housing, that she refused to pay rent until the property was repaired, and that living at the property had made her ill. She invoked this Court's federal question jurisdiction, and cited various federal statutes.

Sansone filed the instant motion on June 13, 2019, seeking remand pursuant to 28 U.S.C. § 1447. In support, Sansone argues that the state court petition is based solely upon state law, that there is no factual basis to support diversity jurisdiction or federal question jurisdiction, and that Pennington-Thurman cannot establish federal question jurisdiction by alleging a counterclaim. Pennington-Thurman has not responded, and the time for doing so has passed.

## Discussion

Sansone's motion is well taken. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the action must arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met. *Id.*; *see also Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party seeing removal and opposing remand bears the burden of establishing federal jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Doubts concerning federal jurisdiction should be resolved in favor of remand. *Id.*

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (emphasis added); *see also Holmes Group, Inc. v. Vornado Air Circulation*

2

*Systems, Inc.*, 535 U.S. 826, 830 (2002) (the well-pleaded complaint rule governs whether a case "arises under" federal law for purposes of determining federal question jurisdiction). Here, review of Sansone's petition shows it is based solely upon Missouri law. It presents no federal question, and therefore can provide no basis for federal question jurisdiction. In her Notice of Removal and accompanying documents, Pennington-Thurman invokes this Court's federal question jurisdiction because she has a counterclaim premised upon federal law. However, this is an improper basis for removal. A counterclaim "cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc.*, 535 U.S. at 831; *see also First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) (a counterclaim cannot establish "arising under" jurisdiction).

Therefore, if jurisdiction exists at all, it must be predicated upon diversity of citizenship. However, the parties are not diverse, and the amount in controversy in Sansone's petition is below the jurisdictional threshold. *See* 28 U.S.C. § 1332(a). Even if the requirements for diversity jurisdiction were met, this action would not be removable because Pennington-Thurman is a citizen of Missouri, where the action was brought. *See* 28 U.S.C. § 1441(b)(2) (actions removable solely on the basis of diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Accordingly, this action will be remanded to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Docket No. 6) is **GRANTED**.

3

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division, pursuant to 28 U.S.C. § 1447(c). A separate order of remand will be entered herewith.

**IT IS FURTHER ORDERED** that defendant Wilma M. Pennington-Thurman's pending motions (Docket Nos. 2 and 3) are **DENIED** as moot.

Dated this 27th day of June, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE