UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANSONE GROUP DDR LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-1432-JAR |
| ) | |
| WILMA M. PENNINGTON-THURMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Presently before the Court is Wilma M. Pennington-Thurman's "Motion to Alter or Amend a Judgment," filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 11) and "Motion for Emergency Preliminary Injunction Pursuant to Federal Rules of Civil Procedure 65." (ECF No. 12). Both motions will be denied.

### Background

On May 7, 2019, Sansone Group DDR LLC ("Sansone") filed a petition in the 22nd Judicial Circuit Court of the City of St. Louis, Associate Circuit Division, alleging that defendant Wilma M. Pennington-Thurman ("Pennington-Thurman") breached a written residential lease. *See Sansone Group LLC v. Pennington-Thurman,* No. 1922-AC05827 (22nd Jud. Cir. 2019). Sansone sought judgment under Missouri state law for $1,800 in unpaid rent, along with possession of the premises.

On May 28, 2019, Pennington-Thurman, a frequent pro se and in forma pauperis litigator in this Court, filed a Notice of Removal. Therein, she stated "[t]his is a counterclaim filed by Defendant Wilma Pennington-Thurman and those similarly situated." (ECF No. 1). She stated she was a senior citizen living in subsidized housing, that she refused to pay rent until the property

was repaired, and that living at the property had made her ill. She invoked this Court's federal question jurisdiction and cited various federal statutes.

On June 13, 2019, Sansone filed a motion to remand pursuant to 28 U.S.C. § 1447. The motion was well taken and, on June 27, 2019, the Court granted it and remanded the case to state court. In its Memorandum and Order, the Court noted that Pennington-Thurman had not responded to the motion, and the time for doing so had passed. However, the Court simply noted this fact in setting forth the background of the case. Pennington-Thurman's failure to timely respond played no role in the Court's decision to grant the motion and remand the case.

In the instant Motion to Alter or Amend, Pennington-Thurman argues that this Court erroneously determined that she failed to timely respond to the motion. In support, she cites "Rule 12(a)(c)" of the Federal Rules of Civil Procedure, notes that it provides that a party may serve a reply to an answer within 21 days of being served with an order to reply, and states she did not receive "an order to reply and 21 days had not happened." (ECF No. 11 at 1). In the Motion for Emergency Preliminary Injunction, Pennington-Thurman asks this Court to intervene and stop the state court proceedings that are pending against her. In support, she states "[t]here will be an injustice if the state court proceedings of the remand order continue at this time," and that she will suffer harm. (ECF No. 12). Pennington-Thurman has also filed a response to Sansone's motion to remand that she dated June 28, 2019, and that was entered in the Court's docket on July 9, 2019, the same day as the instant motions.

## Discussion

Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation omitted).

2

Here, Pennington-Thurman neither identifies manifest errors of law or fact nor presents newly discovered evidence. Sansone filed a motion to remand. According to the Local Rules of this Court, a "party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." E.D.Mo. L.R. 4.06(B). Therefore, it was not erroneous for the Court to note Pennington-Thurman's failure to timely respond to the motion. There is no "Rule 12(a)(c)" of the Federal Rules of Civil Procedure, but Rule 12(a)(1)(C), which may be the rule Pennington-Thurman intended to cite, is inapplicable. Additionally, even if Pennington-Thurman had timely filed the response she dated June 28, 2019, it would have provided no basis upon which to deny Sansone's motion to remand.

Pennington-Thurman's Motion for Emergency Preliminary Injunction will also be denied. In the motion, Pennington-Thurman asks this Court to "stop court proceedings in St. Louis Circuit Court" pending consideration of her Motion to Alter or Amend. (ECF No. 12). However, as discussed above, the Motion to Alter or Amend is meritless. Additionally, the Court notes that, on July 17, 2019, eight days after Pennington-Thurman filed the instant motions, the state court entered judgment against her and in favor of Sansone. *See Sansone Group LLC v. Pennington-Thurman*, No. 1922-AC05827 (22nd Jud. Cir. 2019). This Court does not have appellate jurisdiction over the state courts. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Even if the state court case were still pending, this Court would decline to intervene under the principles dictated in *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly,

**IT IS HEREBY ORDERED** that Wilma M. Pennington-Thurman's Motion to Alter or Amend Judgment (ECF No. 11) is **DENIED.**

3

**IT IS FURTHER ORDERED** that Wilma M. Pennington-Thurman's Motion for Emergency Preliminary Injunction (ECF No. 12) is **DENIED.**

Dated this 22nd day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE